IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHY M.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 24 C 2388 |
| v. | ) |
| | ) Magistrate Judge |
| LELAND DUDEK, Acting | ) Maria Valdez |
| Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Kathy M.'s claims for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 12] is granted in part and denied in part.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Leland Dudek is substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On June 4, 2021, Plaintiff filed an application for DIB, alleging disability since September 1, 2021. The claim was denied initially and upon reconsideration, after which she timely requested a telephonic hearing before an Administrative Law Judge ("ALJ"), which was held on June 22, 2023. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert also testified.

On August 14, 2023, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of September 1, 2021. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative changes of the knees, degenerative changes/spondylosis/arthropathy of the lumbar spine, diabetes mellitus with polyneuropathy, hypertension/

2

hyperlipidemia and status post cerebrovascular accident, and obesity. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a listed impairment. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform light work with the following additional limitations: never climbing ladders, ropes, or scaffolds; and no more than occasional climbing of ramps or stairs, stooping, crouching, kneeling, and crawling. At step four, the ALJ concluded that Plaintiff is capable of performing her past relevant work as a Nurse Assistant, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

I. **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

3

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as

4

adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial

5

evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ erred in several respects, including: (1) failing to submit all relevant medical evidence to medical review; (2) not explaining her consideration of the aggregating effects of Plaintiff's impairments; (3) not identifying evidence leading her to omit a functional restriction in her RFC assessment; and (4) improperly assessing Plaintiff's activities of daily living.

Among the severe impairments identified by the ALJ was degenerative changes of Plaintiff's knees. An x-ray of the left knee taken in October 2020 showed mild degenerative change with medial and anterior compartment joint space narrowing. (R. 528.) Plaintiff had another x-ray taken in May 2023 when she went to the emergency room for pain in her femur. That x-ray revealed moderate to severe osteoarthritic change in the left knee joint. (R. 714.) The state agency

6

consultants reviewed the record in June 2022 and September 2022 and thus had the results of the 2020 x-ray showing mild change but not the 2023 one showing moderate to severe change. (R. 56-63, 65-71.) They both concluded that Plaintiff retained the ability to perform work at the light exertional level.

In forming Plaintiff's RFC, the ALJ concluded that the agency consultants' assessment was not fully persuasive, and "[a]fter seeing the entire record," she added limitations of never climbing ladders, ropes, or scaffolds, and no more than occasional climbing of ramps or stairs, stooping, crouching, kneeling, and crawling. (R. 28.) The ALJ added these limitations to account for the fact that "greater activity can aggravate pain/discomfort" in the back and lower extremities, particularly in light of Plaintiff's obesity. (R. 28-29.)

Plaintiff argues that the ALJ erred in considering the 2023 x-ray, because it was never evaluated by a medical expert. Instead, the ALJ incorporated the degenerative changes into the RFC using only her lay understanding of the effects of the additional level of impairment. The Commissioner responds that postural restrictions are based on a legal assessment, not a medical one, and further that by adding limitations to the agency physicians' evaluation, the ALJ showed she gave reasoned consideration to the evidence in the record. He further argues that Plaintiff improperly cherry picked the 2023 x-ray, which should be viewed in combination with the emergency room physician's exam findings that Plaintiff had a full range of motion in all joints and full strength/senses, along with other

providers' statements that Plaintiff walked with a normal gait, their encouragement that Plaintiff exercise, and her lack of an assistive device.

The Court agrees that the ALJ did not explain her consideration of the 2023 x-ray in a manner that is capable of review. An objective medical finding that there is significant worsening of an impairment, from mild to moderate-to-severe, warrants at least some discussion from the ALJ, if not a new review by a medical consultant. *See Bakke v. Kijakazi*, 62 F.4th 1061, 1066-67 (7th Cir. 2023) (citation omitted) ("'An ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion.'"); *cf. Baptist v. Kijakazi*, 74 F.4th 443, 444 (7th Cir. 2023) (holding that evidence of mild changes did not "change[ ] the picture so much that the ALJ was required to seek an updated opinion to account for it").

The Commissioner argues that the ALJ did include the new finding in her RFC, by adding restrictions not given by the agency consultants. But the ALJ did not list the 2023 x-ray as a reason for the additional limitations; rather, she referred only to "the entire record," so it is unclear whether she gave it any consideration at all. In any event, the ALJ did not tie the restrictions to the additional level of impairment suggested by the x-ray or explain why the new RFC adequately accommodates Plaintiff's symptoms, particularly in relation to the ability to ambulate and stand for the duration necessary at the light exertional level. An error in finding Plaintiff could perform light work, as opposed to sedentary, would not be harmless; the Commissioner does not dispute that given

her age, education, and lack of transferrable skills, a limitation to sedentary work would lead to a finding of disability.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 12] is granted in part and denied in part. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**             **ENTERED:**

**DATE:   March 24, 2025**        _____
                                   **HON. MARIA VALDEZ**
                                   **United States Magistrate Judge**

9